QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert P. Feldman (Bar No. 69602)
  bobfeldman@quinnemanuel.com
  Eliyahu Ness (Bar No. 311054)
  eliness@quinnemanuel.
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

  John M. Potter (Bar No. 165843)
  johnpotter@quinnemanuel.com
  Maxwell A. Blum (Bar No. 299336)
  maxblum@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Specially Appearing Pangang Group Companies Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD., PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD., and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, <br><br> Defendants. | CASE NO. CR 11-0573 JSW <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR SANCTIONS** <br><br> Hearing Date: June 20, 2017, 1:00 p.m. |

## I. BACKGROUND

On December 15, 2016, the government filed an Application for Reissuance of Summonses for the named Defendants (referred to collectively herein as the "Pangang Group Companies"). (Dkt. No. 986 at 1-2.) That Application was granted on December 16, 2016, and summonses were issued for an arraignment to be held on January 30, 2016. (*Id.*) These summons were provided to Todd Wang of Angang America, Inc., ("AAI"). Remarkably, and notwithstanding the purported service on Todd Wang,[1] the summonses were also sent to Quinn Emanuel Urquhart and Sullivan ("Quinn Emanuel"), who had previously entered a special appearance. (*See* Third Mot. to Quash at 9, 14-18.) Special-Agent Ho also emailed the summonses to the Quinn Emanuel on January 5, 2017. (Dkt. No. 998-2, Ex. B.)

The summonses were not signed by a Judge, and did not state that they were an order of the Court. (Dkt. No. 998-2, Ex. A.) On January 17, 2017, the government was advised that Quinn Emanuel had previously entered a special appearance and that counsel was not authorized to accept service on the Pangang Group Companies' behalf. (Dkt. No. 998-2, Ex. D.) The government relayed the message contained in Mr. Feldman's letter to the Magistrate Judge at the January 30 hearing, and a status conference with Judge White was calendared. (*See* Dkts. Nos. 988-991.) As reflected by the January 30 minutes, no order to appear was issued, and certainly no such order was communicated to the Pangang Group Companies. (*Id.*)

After learning that the government had sent the summonses to Quinn Emanuel despite their special appearance, the Pangang Group Companies sought advice from other counsel. (Declaration of Robert P. Feldman in Support of Specially Appearing Defendants' Third Motion to Quash, hereinafter the "Feldman Declaration," ¶ 7.) On February 7, 2017, the government filed a Statement Regarding Service of Summonses on the Pangang Group Companies, describing its attempts at service. (Dkt. No. 992 at 5-6.) A status conference was held on February 14, 2017, where a briefing schedule for a "Motion re: Service and Relief" was set without the Pangang Group

---

[1] Todd Wang did not provide a copy of the summons to Pangang Group Companies. (*See* Decl. of Sun Ce Jun in Support of Specially Appearing Defendants' Third Motion to Quash ¶ 32.)

-1- Case No. CR 11-0573 JSW
OPPOSITION TO MOTION FOR SANCTIONS

1 Companies present. (Dkt. No. 993.) The next day, the Court issued an Order revising the schedule and directing the government to "file a motion, relating to the issue of service and any relief it may seek in the event Defendants do not appear." (Dkt. No. 995 at 1.) On March 13, 2017, the government filed a Motion for Sanctions, although the only relief actually requested was for the Court to "find the Pangang Defendants in contempt and issue an order to show cause as to why the Court should not hold the Pangang Defendants in contempt and impose [fines] as civil contempt sanctions . . . ."[2] (Mot. at 16.)

On March 24, 2017, the Pangang Group Companies filed an *ex parte* application to set a briefing schedule on a third motion to quash, continuing their special appearance. (Dkt. No. 1000.) This application was filed prior to the due date set for the Pangang Group Companies' Opposition to the government's sanctions motion. (Dkt. No. 995.) The Court subsequently set a briefing schedule. (Dkt. No. 1003.) Pursuant to that schedule, the Pangang Group Companies submit this opposition to the government's Motion for Sanctions.

## II. ARGUMENT

### A. The Government's Motion is Moot.

The government moved for an order to show cause "[b]ased on the Pangang Defendants' failure to appear . . . in order to coerce them to comply with the Court's summonses and to appear . . . ." (Mot. at 7.) But there is no need for any "coercion," and that request is therefore moot. The extensive motion practice over five years of litigation, including the timely motion filed today, illustrate that no "coercion" is necessary to prompt the Pangang Group Companies to comply with the Court's orders. The government cites authority in its motion that "civil contempt punishment is conditional and must be lifted if the contemnor obeys the order of the court." (Mot. at 8, citing *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980).) By filing its *ex parte* application, and now complying with the Court's briefing schedule, the Pangang Group Companies have obeyed the Court's orders. Accordingly, there is no need for sanctions.

---

[2] The government did not seek criminal contempt sanctions. (*Id.* at 8.)

### B. There is Not Clear And Convincing Evidence That the Pangang Group Companies Violated A Court Order.

Sanctions are unwarranted for another reason: the Pangang Group Companies did not violate a court order, much less is there "clear and convincing evidence" that they have done so. (*See* Mot. at 8.) The summonses sent by the government were not a court order. The text on the summonses does not state that they are orders of the Court, and the summonses were not signed by a judge. Indeed, the title of the document suggests that it was not a court order. *See U.S. v. Herndon*, 546 F. Supp. 2d 854, 857 (E.D. Cal. 2008) ("[T]he word 'summons' is a term of art distinguishing it from orders issued by judicial officers."). Special-Agent Ho did not indicate in her email that the summonses were a court order. (Dkt. No. 998-2 at Ex. B.) Further, absent here was a certificate of service by the Court's clerk as required by the Local Rules for court orders. Local Criminal Rule 2-3(b).

In addition, the Pangang Group Companies' relationship with counsel was substantially disrupted by the attempted service. (*See* Feldman Decl., ¶¶ 5-7.) As a result of the delivery of the summons to specially appearing counsel, the Pangang Group Companies sought legal advice in order to evaluate the government's actions, and to evaluate how it should proceed. (*Id*. ¶ 7.)

Plainly the Pangang Group Companies have not unduly delayed these proceedings and no prejudice has resulted to the government or benefit to the Pangang Group Companies.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the government's motion for sanctions should be denied.

DATED: April 24, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Robert P. Feldman*
   Robert P. Feldman
   John M. Potter
   Attorneys for Specially Appearing Pangang Group Companies Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company