1  ALEX G. TSE (CABN 152348)
   United States Attorney
2

3  BARBARA J. VALLIERE (DCBN 439353)
   Assistant United States Attorney
4  Chief, Criminal Division

5  JOHN H. HEMANN (CABN 165823)
   COLIN C. SAMPSON (CABN 249784)
6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7        Telephone: (415) 436-7200
         FAX: (415) 436-7234
8        John.hemann@usdoj.gov
   Attorneys for United States of America
9

10 ROBERT FELDMAN
   JOHN MARK POTTER
11 Quinn Emanuel Urquhart & Sullivan, LLP
   50 California Street, 22nd Floor
12 San Francisco, CA 94111
   415-875-6600
13 Fax: 415-875-67600
   Email: johnpotter@quinnemanuel.com
14        bobfeldman@quinnemanuel.com
15 Attorneys for Defendants

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          OAKLAND DIVISION

19

20 | UNITED STATES OF AMERICA,          )   CASE NO.  4.11-CR-0573-JSW
                                        )
21 |         Plaintiff,                 )   **STIPULATED INTERIM PROTECTIVE**
                                        )   **ORDER**
22 |         v.                         )
                                        )
23 | PANGANG GROUP COMPANY, LTD.;       )
     PANGANG GROUP STEEL VANADIUM &     )
24 | TITANIUM COMPANY, LTD.; PANGANG    )
     GROUP TITANIUM INDUSTRY COMPANY,   )
25 | LTD; PANGANG GROUP INTERNATIONAL   )
     ECONOMIC & TRADING COMPANY; HOU    )
26 | SHENGDONG; and DONG YINGJIE,       )
                                        )
27 |         Defendants.                )
                                        )
28 |                                    )

The United States of America, represented by John H. Hemann and Colin C. Sampson, and Defendants Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., Pangang Group International Economic & Trading Company (the "Pangang Defendants"), represented by John Mark Potter and Robert Feldman, stipulate and agree that the following proposed order should be entered on an interim basis. The parties have engaged in several discussions regarding a final protective order, but to date the parties have not reached an agreement. In order to facilitate review of discovery by counsel for the Pangang Defendants, the parties agree that an interim protective order should be issued while the parties endeavor to reach an agreement or prepare motions regarding a final protective order to be entered by the Court.

ALEX G. TSE
United States Attorney

October 2, 2018.

*/s/ Colin Sampson*
JOHN H. HEMANN
COLIN C. SAMPSON
Assistant United States Attorneys

*Attorneys for The United States*

October 2, 2018.

*/s/ Bob Feldman*
JOHN MARK POTTER
ROBERT FELDMAN
Quinn Emanuel Urquhart & Sullivan, LLP

*Attorneys for Pangang Defendants*

[PROPOSED] ORDER

Pursuant to stipulation of the parties, and for good cause shown, the Court enters the following interim protective order under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1):

1. In accordance with Federal Rule of Criminal Procedure 16, the government and defendants shall make discovery, including any alleged trade secrets or confidential and proprietary business information, available for inspection and copying by opposing counsel. Production of documents and information containing such trade secrets and business information shall be governed by the provisions of this order unless superseded or amended by a later order.

2. Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company (collectively the "Pangang Defendants") have requested, and the United States of America (the "Government" and together with the Pangang Defendants, the "Parties") has agreed to produce certain documents and information in this matter. The Parties agree that an interim protective order be entered herein. The Parties further agree that entry of this Order is not a substitute for entry of a final Protective Order and that entry of a final Protective Order is necessary for this matter to progress fairly and expeditiously.

3. The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

4. Until a final Protective Order can be entered, the Pangang Defendants and the Government agree that all documents and information produced by the Government will be produced only to outside counsel for the Pangang Defendants – Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"). Quinn Emanuel shall not share the documents and information produced by the Government with anyone other than lawyers and other full time employees of Quinn Emanuel unless and until an order of this Court allows otherwise. The Receiving Party shall use all Confidential Materials exclusively in connection with this case, and not for the economic benefit of any individual, entity, or party, or any commercial, business, or other purpose. Nothing herein shall prevent defendants from using the materials as exhibits to pleadings or otherwise, or from referring to, quoting, or reciting from any information contained in such Confidential Materials in connection with pleadings or motions

filed in this case, provided that such materials be filed under seal or submitted to the court for *in camera* inspection.

5. The Receiving Party shall maintain any materials received pursuant to this protective order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Until a final protective order is entered, the documents and information produced by the Government, whether in paper or electronic format, shall remain inside the United States, and any computer or device containing such information shall be encrypted and shall not be connected to any computer network that would allow any person not authorized by this protective order to view the materials. Any decryption key should be provided to the recipient via separate media (e.g., telephone) and should not be mailed or delivered in the same envelope or container as any encrypted computer or hard drive. For purposes of clarity, such materials may be hosted by defense counsel on Citrix ShareFile or similar hosting platform with two-factor authentication enabled and access restricted to defense counsel and an IT administrator on defense counsel's staff.

6. Violations of this interim protective order shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate. All parties to whom materials are disclosed under this protective order consent to this court's jurisdiction for purposes of enforcing this Order.

7. This Order shall not constitute a waiver of any Parties' rights nor constitute evidence regarding any issue in this case including rights and issues pertaining to confidentiality of documents and information produced pursuant to this Order.

IT IS SO ORDERED.

Date: _____

UNITED STATES DISTRICT JUDGE