1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Robert P. Feldman (Bar Number 69602)
2    bobfeldman@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, California 94065
   Telephone:    (650) 801-5069
4  Facsimile:    (650) 801-5100

5    John M. Potter (Bar Number 165843)
     johnpotter@quinnemanuel.com
6  50 California Street, 22nd Floor
   San Francisco, California 94111
7  Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700
8
     Alec A. Levy, *pro hac vice*
9    aleclevy@quinnemanuel.com
   1300 I Street N.W., Suite 900
10 Washington, D.C. 20005
   Telephone:    (202) 538-8115
11 Facsimile:    (202) 538-8100

12
   Attorneys for Defendants Pangang Group
13 Company, Ltd., Pangang Group Steel
   Vanadium & Titanium Company, Ltd.,
14 Pangang Group Titanium Industry Company,
   Ltd., and Pangang Group International
15 Economic & Trading Company

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                            OAKLAND DIVISION

| | |
|---|---|
| 19  UNITED STATES OF AMERICA, | CASE NO. 4:11-CR-0573-07-10 JSW |
| 20        Plaintiff, | **PANGANG DEFENDANTS'** |
| | **OPPOSITION TO THE** |
| 21        v. | **GOVERNMENT'S RESPONSE TO** |
| | **ORDER TO SHOW CAUSE AND** |
| 22  PANGANG GROUP COMPANY, LTD.; | **MOTION TO STRIKE EXHIBIT** |
|     PANGANG GROUP STEEL VANADIUM & | |
| 23  TITANIUM COMPANY, LTD.; PANGANG | |
|     GROUP TITANIUM INDUSTRY | |
| 24  COMPANY, LTD; and PANGANG GROUP | |
|     INTERNATIONAL ECONOMIC & | |
| 25  TRADING COMPANY, | |
| 26        Defendants. | |
| 27 | |
| 28 | |

The government has failed to comply with the Local Rules and this Court's prior Order in this case regarding sealing. As a result, the Pangang Defendants respectfully request that the Court order that Exhibit A to the Declaration of Robert P. Feldman in Support of the Pangang Defendants' Motion for Bill of Particulars be publicly filed. The Pangang Defendants also request that the Court deny the government's motion to strike, which has no basis in law or fact.

## BACKGROUND

On March 19, 2019, the Pangang Defendants filed a Motion for Bill of Particulars. (*See* Dkt. No. 1124, Pangang Defendants' Notice of Motion and Motion for Bill of Particulars (hereinafter "Motion").) Along with that Motion, the Pangang Defendants file a *single* exhibit, attached to the Declaration of Robert P. Feldman. (*See* Dkt. No. 1124-2, Exhibit A to the Declaration of Robert P. Feldman.) That exhibit is a report that the government claims Tze Chao prepared for the Pangang Defendants, entitled "Assessment of the Proposed Pangang 100k tpa TiO2 Chloride Process Flowsheet and P&ID" ("Tze Chao Report"). (*Id.*) This report is referenced multiple times in the Third Superseding Indictment. (*See* Dkt. No. 971, Third Superseding Indictment, at ¶¶ 30, 53.) The government alleges that it contains E.I. du Pont de Nemours & Company ("DuPont") trade secrets. (*Id.*)

The government designated the Tze Chao Report "confidential" under the Protective Order in this case. In compliance with the Local Rules and this Court's Orders, when the Pangang Defendants filed the Report as an exhibit to their Motion for Bill of Particulars, they did so under seal based on the government's designation. The Local Rules required that the government then file a declaration providing a specific factual basis for why the Report was sealable by no later than March 25, 2019. *See* N.D. Crim. L.R. 56-1(c)(1) (incorporating N.D. Civ. L.R. 7-11). The government made no such filing. On March 26, 2019, the Court issued an Order to the government to Show Cause why the Tze Chao Report should not be filed in the public record. (*See* Dkt. No. 1126.) On April 2, 2019, the government filed a pleading entitled "Response to Order to Show Cause and Motion to Strike Exhibit." (*See* Dkt. No. 1129 (hereinafter "Response").)

# ARGUMENT

The government's Response does not satisfy its burden to establish a basis to seal the Tze Chao Report. As a result, the Pangang Defendants respectfully request that the Court order that this Report be publicly filed. The Pangang Defendants also request that the Court deny the government's motion to strike.

## I. The Government Has Not Complied With Court Rules and Orders Requiring A Factual Support for the Sealing of Documents

The government's response to the Court's Order to Show Cause utterly fails to satisfy its burden to demonstrate that the Tze Chao Report is sealable. In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When the records at issue touch on the merits of the case, as the Tze Chao Report plainly does, the movant must demonstrate "compelling reasons" why the document must be sealed. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). At the very least, the movant must always make a particularized showing of "good cause" to seal a judicial record. *Id.* In accordance with the law of this circuit, this Court expressly stated in the Protective Order in this case that "if the parties move to seal any items, they must do more than simply state the item has been designated as Confidential-1 or Confidential-2 under the protective order. *They must provide a factual basis for why any given item is sealable*." (*See* Dkt. No. 1109, Protective Order, 15 (emphasis added).) This provision, added by the Court, is consistent with Civil Local Rule 79-5 that requires sealing requests to be "narrowly tailored" to cover only sealable material. *See* N.D. Civ. L.R. 79-5 (b), (d).

The government has not established "compelling reasons," "good cause," or *any* factual basis for the sealing of the Tze Chao Report. In support of its assertion that the entire Tze Chao Report should be sealed, the government has provided the Court with the declaration of Dr. Kevin J. Leary, an employee of the company formerly known as DuPont and now known as The

1 | Chemours Company. (*See* Dkt. No. 1129-1, Kevin J. Leary, PH.D. Regarding Exhibit A to the
2 | Declaration of Robert P. Feldman (hereinafter "Leary Decl.").)

3 |      This brief, conclusory declaration provides *no* meaningful detail whatsoever to substantiate
4 | the claim that the Tze Chao Report contains any confidential DuPont information. Dr. Leary
5 | simply assures the Court that he "can confidently confirm that the English-language portions of
6 | the document contain proprietary and confidential Chemours (formerly DuPont) technical
7 | information related to the chloride production of TiO2." (Leary Decl. ¶ 5.) He then lists a handful
8 | of high-level aspects of the chloride-route titanium dioxide process he says are discussed in the
9 | Tze Chao report, and asserts that they are "proprietary and confidential." (*Id*.) Finally, he assures
10 | the Court that "[i]f the document . . . were posted for public viewing, it could harm Chemours'
11 | business interests." (*Id*. ¶ 6.) Tellingly, despite the fact that Dr. Leary quotes from and
12 | paraphrases the Tze Chao Report, the Leary Declaration was not filed under seal. At the very
13 | least, any portion of the Tze Chao Report discussed in the Leary Declaration should be filed
14 | publicly.

15 |      The Leary Declaration is a quintessential example of an insufficient basis for the sealing of
16 | a document in the Northern District of California. There is no factual basis provided for anything
17 | Dr. Leary states. Dr. Leary does not explain why *any* specific portion of the Tze Chao Report is
18 | confidential and needs to be sealed, let alone the *entire* document. Although Dr. Leary lists a
19 | handful of aspects of the DuPont chloride route process that he contends are confidential, he does
20 | not explain why or how any specific portion of the Tze Chao Report would actually reveal
21 | confidential information about those aspects to the public. This is precisely the type of "broad
22 | allegations of harm, unsubstantiated by specific examples or articulated reasoning" that are not
23 | sufficient to establish even good cause. *Foltz*, 331 F.2d at 1130. In effect, the government and
24 | Dr. Leary are telling the Court: "trust us, this document should be sealed." As this Court's
25 | specific addition to the Protective Order made clear and as the law would otherwise require, this is
26 | not sufficient. Nor is this a "form over substance" argument by the defense: the Tze Chao Report
27 | is a high level document and does not on its face appear to contain proprietary material that would
28 |

be harmful to any party were it publicly filed—reflecting why it should be publicly filed and why the Bill of Particulars should be granted.

The government also argues that, going forward, it should not be subject to this Court's sealing rules. The government claims that it should be granted "relief from the strictures" of the rules that require litigants in the Northern District of California to provide a factual basis for the filing of documents under seal. (Response at 3-4.) The government complains that it "should not be forced at the same time it is responding to defense motions, to file supporting documentation for every single confidential document that the Pangang Defendants decide to file on the docket." (*Id.* at 3.) The rules of the Court requiring the filing of such "supporting documentation"—which *every* party to litigation in the Northern District of California must and does comply with every day—are too burdensome for the government.

The government's request for an exemption from these rules should be denied outright. In addition to being plainly contrary to the presumption in favor of access to court records in this circuit, the arguments underlying this request are all meritless.

First and foremost, the government suggests that the Tze Chao Report was attached to the Feldman declaration in bad faith, merely to require the government and DuPont to "expend resources" substantiating the government's confidentiality designations. (Response at 3.) But in fact there was clearly a legitimate reason to submit the Tze Chao Report as an exhibit to the Motion for Bill of Particulars. In the Third Superseding Indictment, the government alleges that the Pangang Defendants received this report from Tze Chao, and that it "relied, in part, on DuPont's trade secrets." Yet the Indictment does not identify the nature of the "Dupont[ ] trade secrets" allegedly contained in the report, nor does it identify the portions of the Report that supposedly relied on those secrets. This is one of the main arguments in the Pangang Defendants' Motion for Bill of Particulars. The Pangang Defendants explain in their Motion that they are entitled to know which portions of the Report the government claims the Pangang Defendants reasonably believed were trade secrets, or were in fact trade secrets. Without a bill of particulars on this issue, the Pangang Defendants will face unfair surprise at trial. The Report was attached to the Pangang Defendants Motion so that the Court could make an informed judgment regarding

the difficulty the Pangang Defendants face attempting to discern the particular portions of the document that underlie the government's theory in this case.

In addition, the suggestion that the Pangang Defendants will purposefully seek to overwhelm the government with unnecessary sealed filings in the future is completely unfounded. The Pangang Defendants filed a *single* exhibit to their Motion for Bill of Particulars—one which was called out by name in the Indictment and central to the relief the Pangang Defendants requested. The Pangang Defendants did *not* file as exhibits other documents discussed in their motion, opting instead to describe them in non-confidential terms in the Declaration of Robert P. Feldman. (*See* Dkt. No. 1124-1, Decl. of Robert P. Feldman in Support of Mot. for Bill of Particulars, ¶ 3.) If the defense were ever to abuse the process set out by the Local Rules and this Court's Orders by pointlessly attaching documents to its pleadings, the Court would instantly know it and could take appropriate action. That has clearly not occurred thus far, and there is no reason to assume it would occur in the future.

Lastly, the government implies that the Pangang Defendants should have objected to the government's designation of the Tze Chao Report before using it as an exhibit. It would make no sense that the defense file thousands of motions challenging the government's overbroad designations—and the Protective Order accordingly *explicitly* states that the Pangang Defendants are under no obligation to object to the government's confidentiality designations (of which there are thousands) even if they disagree with them. (Protective Order, ¶ 4 ("Defendants and their counsel may choose not to formally challenge the designation of certain materials as confidential at the pre-trial stage. Such a failure to challenge the confidential designation does not constitute a waiver . . .").) The Protective Order further states that the Pangang Defendants are entitled to use documents designated confidential by the government "as exhibits to pleadings." (*Id.* ¶ 5.)

## II. The Government's Motion to Strike is Meritless

The government's motion to strike the Tze Chao Report as an exhibit entirely should be denied. This motion appears to be based on three arguments, each of which is either flatly wrong or irrelevant. First, the government claims that the Tze Chao Report is not cited in the Pangang Defendants' Motion for Bill of Particulars. This is wrong. The Tze Chao Report is referenced at

multiple points throughout that Motion. (*See* Motion at 4, 8.) The Tze Chao Report is also expressly identified by the Pangang Defendants in their Proposed Order granting their Motion. (*See* Dkt. No 1124-3, Proposed Order, at ¶ 2.)

Second, the government argues that when resolving a Motion for Bill of Particulars, the Court is limited to the "four corners" of the Indictment. Even assuming the government is correct as a matter of law, this point is irrelevant. The Tze Chao Report falls squarely within those four corners, as it is discussed at multiple points in the Third Superseding Indictment. (*See* Dkt. No. 971, Third Superseding Indictment, at ¶¶ 30, 53.)

Finally, the government claims that by identifying the Tze Chao Report as one of the documents mentioned in the Indictment, the Pangang Defendants have "prove[n] too much," as they have "demonstrated that the [Indictment] actually does enable [defense counsel] to understand the charges against the defendants and locate key documents produced in discovery." (Response at 2.) The fact that a document can be identified does not mean that which of the many statements in it are alleged to be trade secrets is evident from the face of the document; certainly, no authority is cited or exists for this remarkable proposition.

## CONCLUSION

For the foregoing reasons, the Pangang Defendants respectfully requests that the Court order that Exhibit A to the Declaration of Robert P. Feldman be publicly filed. The Pangang Defendants also request that the Court deny the government's Motion to Strike.

Dated: April 3, 2019

*/s/ Robert P. Feldman*
ROBERT P. FELDMAN
JOHN MARK POTTER
ALEC ASHER LEVY

Quinn Emanuel Urquhart & Sullivan, LLP

*Attorneys for Pangang Defendants*