UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD.; PANGANG GROUP TITANTIUM INDUSTRY COMPANY, LTD.; and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY,<br><br>　　　　　Defendants. | Case No. 11-cr-00573-JSW-7<br><br>**ORDER REGARDING GOVERNMENT RESPONSE TO ORDER TO SHOW CAUSE; INSTRUCTIONS TO PARTIES; AND GRANTING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 1123, 1124-2, 1129 |

On April 2, 2019, the Government filed its response to the Court's Order to Show Cause why Exhibit A to the Declaration of Robert Feldman should not be filed in the public record. In that response, the Government also moved to strike the exhibit. The Pangang Defendants have opposed the Government's response and the motion to strike. The Court will address the motion to strike when it resolves the motion for a bill of particulars.

Pursuant to Northern District Criminal Local Rule 47-2(d), all opposition and reply briefs "shall comply with Civil L.R. 7-3(b), (c) and (d); 7-4 and 7-5, with respect to format and length unless otherwise ordered." Civil Local Rule 7-3(c) provides that any evidentiary or procedural objections to an opposition must be contained in the reply brief. Although Criminal Local Rule 47-2 does not incorporate Civil Local Rule 7-3(a), that rule requires that procedural and evidentiary objections to a motion be contained in the opposition brief. The Court ORDERS that, going forward, the parties' opposition and reply briefs shall comply with Civil Local Rules 7-3(a) and 7-3(c) unless the parties seek relief from the Court in advance of a filing deadline.

1    The Government also seeks relief from the Court's modification to the Protective Order,
2    which provides that they may not rely only on a Confidential-1 or Confidential-2 designation to
3    show a document is sealable.  The Court filed that Protective Order on December 14, 2018, but the
4    Government did not seek relief at that time.  The Government sought similar relief during the trial
5    of Walter Liew, USAPTI and Robert Maegerle, and the Court referred that dispute to Magistrate
6    Judge Cousins for resolution.  Based on the Court's review of the docket, it does not appear that
7    Judge Cousins issued an order on that dispute.

8    The Court ORDERS the parties to meet and confer on this issue.  When the parties meet and confer, they may wish to consider whether the Protective Order could be modified to provide more specific definitions of the terms used or to incorporate a factual basis for sealing documents into those definitions, with the understanding that the Court's ruling on a motion to seal would not be a conclusive finding that a document is a trade secret or be binding on the jury.  If the parties cannot reach an agreement on procedures for filing documents under seal, they shall submit a joint letter brief to the Court setting forth their respective positions.

Finally, the Court has considered the declaration of Kevin Leary, Ph.D., which the Government submitted to support the motion to seal Exhibit A to the Feldman Declaration, and the Pangang Defendants' response to that submission.  The Court concludes the Government has met its burden to show the document should remain under seal.  The Court reserves the right to revisit that conclusion as this case proceeds.

**IT IS SO ORDERED.**

Dated: April 5, 2019

_____
JEFFREY S. WHITE
United States District Judge