QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert P. Feldman (Bar Number 69602)
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5069
Facsimile:     (650) 801-5100

  John M. Potter (Bar Number 165843)
  johnpotter@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Alec A. Levy, *pro hac vice*
  aleclevy@quinnemanuel.com
1300 I Street N.W., Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8115
Facsimile:     (202) 538-8100

Attorneys for Defendants Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PANGANG GROUP COMPANY, LTD.;<br>PANGANG GROUP STEEL VANADIUM &<br>TITANIUM COMPANY, LTD.; PANGANG<br>GROUP TITANIUM INDUSTRY<br>COMPANY, LTD; and PANGANG GROUP<br>INTERNATIONAL ECONOMIC &<br>TRADING COMPANY,<br><br>  Defendants. | CASE NO. 4:11-CR-0573-07-10 JSW<br><br>**PANGANG DEFENDANTS' PARTIAL OPPOSITION TO THE CHEMOURS COMPANY'S SEALING MOTION** |

It is not difficult to understand why Chemours wishes to keep its submission and accompanying declaration under seal: the arguments therein are entirely illogical and reveal Chemours' complete lack of regard for criminal defendants' right to a fair trial. The essence of Chemours' argument is at pages 3 through 5 of its submission. Although Defendants will not repeat that argument here given the pending motion to seal, it suffices to say that it makes no sense. The accusations Chemours makes against the Defendants have *nothing* to do with where Defendants should be allowed to review evidence in this criminal case. The underlying premise of Chemours' brief is that Defendants should be pre-judged guilty on the basis of Chemours' say-so and should be deprived of the ability to meaningfully prepare for trial. They ask this Court to restrict Defendants' ability to prepare their defense beyond even the already severe and unreasonable requests the government has made that were uniformly rejected by Magistrate Judge Cousins. Defendants understand that Chemours has a statutory right to file this submission, and must have their reasons for doing so, but this is clearly not the type of serious document that the Court should give any weight to in a criminal case.

Although there appears to be nothing in the Chemours submission that would be the proper subject of sealing under the normal rules in this District, no case law addresses whether the normal sealing rules apply to a motion made pursuant to Section 1835(b). If the Court resolves this issue by determining that the District's rules do not apply, Defendants would merely and respectfully request that the Court require Chemours to file a redacted version of its brief so that Defendants are not required to file their Opposition under seal simply because it makes reference to portions of Chemours' submission that are indisputably not confidential.

1    Defendants strongly oppose Chemours' motion to the extent that it requests that any
2 portion of Chemours' filing be treated as "Attorney's Eyes Only."  There is no "Attorney's Eyes
3 Only" provision in the Protective Order in this case, which was negotiated by Defendants and the
4 government for months and approved by this Court.  Chemours offers absolutely *no* justification
5 for applying this restriction to the materials in its brief or accompanying declaration.  Chemours
6 simply refers the Court to "the nature of its submission."  That is plainly insufficient.  As noted
7 above, "the nature of [Chemours'] submission" does not even appear to be confidential, let alone
8 so top-secret and highly-confidential as to warrant precluding defense counsel from sharing it with
9 their clients as they advise them in this matter.

Dated:    May 21, 2019         */s/ Robert P. Feldman*
ROBERT P. FELDMAN
JOHN MARK POTTER
ALEC ASHER LEVY

Quinn Emanuel Urquhart & Sullivan, LLP

*Attorneys for Pangang Defendants*