United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>PANGANG GROUP COMPANY, LTD.,<br>PANGANG GROUP STEEL VANADIUM<br>& TITANIUM COMPANY, LTD.;<br>PANGANG GROUP TITANIUM<br>INDUSTRY, LTD; and PANGANG<br>GROUP INTERNATIONAL ECONOMIC<br>& TRADING COMPANY,<br><br>         Defendants. | Case No. 11-cr-00573-JSW-7-10<br><br>**ORDER DENYING PANGANG DEFENDANTS' MOTION TO RECONSIDER**<br><br>Re: Dkt. No. 1197 |

Now before the Court for consideration is the motion to reconsider filed by the Pangang Defendants. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. The Court DENIES the Pangang Defendants' motion.

On June 28, 2019, the Court issued an Order resolving the Government's motion for review of orders issued by Magistrate Judge Cousins, who is supervising discovery in this case. (Dkt. No. 1185.) As part of that Order, the Court ruled that Wang Rongkai would not be permitted to review Confidential Materials at this time. The Pangang Defendants ask the Court to reconsider that ruling.[1]

//

---

[1] The Court also stated it would consider revisiting this ruling upon a showing from Defendants that they would be prejudiced in their ability to present a defense absent his review of particular documents. The Pangang Defendants do not move to reconsider on that basis.

**ANALYSIS**

District courts have "inherent power" to grant motions for reconsideration in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). The Ninth Circuit reviews a district court's ruling on a motion for reconsideration for abuse of discretion. *Id.* In the context of criminal cases, courts have held motions to reconsider are "governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, No. 07-cr-00011-MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008). The Court will evaluate the Pangang Defendants' motion under Federal Rule of Civil Procedure 60(b). *Id.*; *see also* N.D. Civ. L.R. 7-9(b)(1)-(3) (setting forth grounds for a motion to reconsider).

The Government raises a procedural objection to the Pangang Defendants' motion and asserts that they should have sought leave of Court to file the motion. Contrary to the Pangang Defendants' argument, the Government's position on this point is accurate. The Northern District Criminal Local Rules provide that "[t]he provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases." N.D. Civ. L.R. 2-1. The Civil Local Rules provide that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." N.D. Civ. L.R. 7-9(a). However, because the Government has addressed the substance of the motion, the Court will not deny it on procedural grounds.[2]

The Pangang Defendants move to reconsider the Court's ruling on the basis that new facts have emerged since the Court heard argument on the motion. The Pangang Defendants cite to the fact that the Government has identified 147 individuals and five entities it contends should be treated in the same fashion as Mr. Wang, *i.e.* these individuals and entities should not be permitted to review confidential materials. (*See* Dkt. No. 1190.) They contend that this list undermines the Government's assertion that it had specific concerns about Mr. Wang reviewing confidential

---

[2] Going forward, if any party asks the Court to reconsider an order, that party must first file a motion for leave to reconsider. If the parties fail to comply with the procedures set forth in Civil Local Rule 7-9, the Court will summarily deny a motion to reconsider.

materials.  Although the Government's list of persons who should not be permitted to review confidential materials may raise other concerns regarding the Pangang Defendants' ability to prepare for trial, the Court concludes it does not require the Court to revisit its ruling with respect to Wang Rongkai.

The Pangang Defendants also seek reconsideration based on an email that was discussed at the hearing on the Government's objections to Judge Cousins' ruling, but which the Court did not review or rely on in making its ruling.  The Pangang Defendants state that, although the Government represented at the hearing that this email was not confidential, the Government later advised the Pangang Defendants the email should be treated as Confidential-1 and was produced in a batch of electronic materials designated as such.  (Dkt. No. 1197-1, Declaration of Robert Feldman, ¶¶ 12-13, Ex. B.)[3]  The Court has now reviewed the email, and it concludes that the email itself does not warrant reconsideration of its ruling.

Accordingly, the Court DENIES the motion to reconsider.  However, the Court reiterates is previous statement that, as this case gets closer to trial, it would be willing to consider revisiting this ruling upon a showing from the Pangang Defendants that they would be prejudiced in their ability to present a defense absent Mr. Wang's review of particular documents or confidential materials in general.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_____

JEFFREY S. WHITE
United States District Judge

---

[3]  The parties agree that the email was produced to the Pangang Defendants in December 2018, but the Government did not specifically cite it as a basis to reconsider Judge Cousins' ruling until the hearing on June 25, 2019.