DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Assistant United States Attorney
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
COLIN C. SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Tel: (415) 436-7200
    Fax: (415) 436-7234
    John.Hemann@usdoj.gov

JENNIFER KENNEDY GELLIE (DCBN 1020976)
Trial Attorney, National Security Division
    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 233-0785
    Tax: (202) 233-2146
    Jennifer.Gellie@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PANGANG GROUP COMPANY, LTD.; PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD.; PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD; and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY; <br><br> Defendants. | CASE NO. 4:11-CR-00573 JSW <br><br> REPLY IN SUPPORT OF UNITED STATES' MOTION FOR RETURN OF DISCOVERY MATERIALS <br><br> Date: Tuesday, October 1, 2019 <br> Time: 1:00 p.m. <br> Location: Courtroom 5, 2nd Floor, Oakland |

1

After years of litigation, the Pangang Defendants claim that they can never be prosecuted in United States court because they are an instrumentality of a foreign sovereign. Yet despite their asserted immunity from being a criminal defendant, they ask that the Court allow them to review documents containing the trade secrets of DuPont de Nemours & Company ("DuPont") that they are alleged to have sought to steal.

The Stipulated Final Protective Order (ECF No. 1109), which the Court has ordered to be amended by the parties, does not, as defendants suggest, "preclude[] the return of discovery at this stage of the proceedings." Defendants' Response, ECF No. 1230, p. 2. Rather, it calls for the return of discovery at the end of the case, which the Pangang Defendants assert will happen when the Ninth Circuit Court of Appeals reverses this Court's Order Denying Dismissal. See ECF No. 1223. If the Pangang Defendants' appeal is not dismissed for lack of jurisdiction, the Pangang Defendants should not be able to retain the discovery during the pendency of the appeal.

If the status quo under the Protective Order (and this Court's subsequent discovery Orders) were allowed to remain, the Pangang Defendants would be allowed to take DuPont's trade secrets – trade secrets that, by their own arguments, they should never have received in discovery in the first place given their professed immunity from criminal prosecution – to foreign countries to show to current (and, they assert, former) Pangang Group employees to review, all in the name of preparing for a trial that they assert can never happen. Given that the appeal is based on the legal question of sovereign immunity and the allegations in the indictment, there will be no prejudice to the Pangang Defendants' ability to prepare an appeal should they be ordered to return the discovery. The Court should exercise its authority under 18 U.S.C. § 1835 to issue an order that protects the trade secret information, including precluding the Pangang Defendants from in any way using discovery to which, by their own claims, they are not be entitled.

The government recognizes that, in light of the Ninth Circuit's recent Order for the Pangang Defendants to show cause as to whether the Ninth Circuit may exercise jurisdiction over their appeal, the issue could (and should) become moot. See Order, ECF No. 2, 19-10306. Briefing in response to that Order is scheduled to be completed on approximately October 11. Accordingly, should this Court

choose to postpone ruling on the government's motion until the Ninth Circuit has ruled on its order to show cause, the government moves the Court to order the Pangang Defendants not to review, distribute, or otherwise make use of any discovery in this matter until such time as the Ninth Circuit has ruled on whether it will allow the Pangang Defendant's appeal to move forward.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: September 20, 2019.

*/s/ Colin Sampson*
JOHN H. HEMANN
COLIN SAMPSON
Assistant United States Attorneys
JENNIFER KENNEDY GELLIE
Trial Attorney, National Security Division