JOHN A. EISENBERG
Assistant Attorney General,
National Security Division

BRENDAN GEARY (NYBN 5150768)
Trial Attorney, National Security Division
    950 Pennsylvania Ave., NW
    Washington, D.C. 20530
    Brendan.Geary@usdoj.gov
    Tel.: (202) 307-1478

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
NOAH STERN (CABN 297476)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Tel:  (415) 436-7020
    Fax: (415) 436-7234
    Colin.Sampson@usdoj.gov

Attorneys for United States of America

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Robert P. Feldman (CA Bar Number 69602)
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5069
Facsimile:      (650) 801-5100

  John M. Potter (CA Bar Number 165843)
  johnpotter@quinnemanuel.com

  Michael T. Packard (MA Bar Number 676934)
  michaelpackard@quinnemanuel.com

  Alec Asher Levy (CA Bar Number 300779)
  aleclevy@quinnemanuel.com

*Attorneys for Defendants Pangang Group Company,
Ltd., Pangang Group Steel
Vanadium & Titanium Company, Ltd., Pangang
Group Titanium Industry
Company, Ltd., and Pangang Group International
Economic & Trading Company*
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> PANGANG GROUP COMPANY, LTD.; PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD.; PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD.; and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, <br><br> Defendants. | Case No. 4:11-CR-00573-07-10 JSC <br><br> JOINT PRETRIAL CONFERENCE STATEMENT <br><br> Pretrial:     June 18, 2026 <br> Trial:        July 6, 2026 <br> Court:      Hon. Jacqueline Scott Corley |

Counsel for the United States of America, through Assistant U.S. Attorneys Colin Sampson and Noah Stern and Trial Attorney Brendan Geary, and counsel for Defendants Pangang Group Company, Limited; Pangang Group Steel Vanadium & Titanium Company, Limited; Pangang Group Titanium Industry Company, Limited; and Pangang Group International Economic & Trading Company, through counsel Robert Feldman, John Potter, Michael Packard, Alec Levy, Kelsey Falkenberg, William Locke, and Zi Chun Wang, respectfully submit the following Joint Pretrial Conference Statement pursuant to Crim. L. R. 17.1-1(b) and this Court's Pretrial Standing Order:

**(1)   Disclosure and contemplated use of statements or reports of witnesses under the *Jencks* Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The United States has disclosed and will continue to disclose to Defendants statements and reports of witnesses it intends to call at trial under the *Jencks* Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  The vast majority of memoranda of witness interviews, search warrant affidavits, and grand jury transcripts for witnesses on the government's witness list have been disclosed, except for a small amount of remaining material relating to several witnessess that the government is in the process of preparing for production.  In preparing for trial, the government continues to collect other material which may fall under the *Jencks Act* and is continuing to interview witnesses and to obtain and review evidence.  Such material will be processed and provided to Defendants promptly in compliance with its obligations.

**(2)   Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

The United States has met its disclosure obligations with respect to grand jury testimony and has provided to Defendants transcripts of the grand jury testimony of trial witnesses.

**(3)    Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

The United States believes that it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963).  In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence.  The government recognizes its obligation to continue to provide any such materials within its possession, custody, or control.  The United States understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any additional exculpatory material or impeachment information that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), other than what has already been provided or disclosed to Defendants.  Should the United States become aware of any additional materials in its possession with potential exculpatory or impeachment information, it will disclose such information in accordance with its obligations.

**(4)    Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The government has provided draft evidentiary stipulations for Defendants to consider.  At this time, the parties have not finalized any evidentiary stipulations to present to the Court.  In the event the parties reach further agreement, the stipulations will be reduced to writing, signed by the parties, and may be filed with the Court, with permission sought to read or summarize the stipulations to the jury at the appropriate time during trial.  The stipulations under discussion are largely geared toward authenticating records and establishing chain of custody for seized evidence, eliminating the need to call custodians.  The government has similarly proposed stipulations to the accuracy of translated Chinese-language documents, which would eliminate the need for testimony of a translator witness.  The government's trial length estimate will be substantially revised if the stipulations that it has proposed are entered.

**(5)    Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

At this time, the government does not anticipate the need for Court-appointed interpreters for trial witnesses in its case-in-chief.  Counsel for the Defendants requests a Court-appointed Mandarin dialect interpreter for the Defendants' representative(s) at trial.

**(6)    Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

The government does not anticipate dismissal of either of the charges ahead of trial.  The parties have not finalized any stipulations at this time, and the government is unaware of any issues that can be eliminated prior to trial outside of the parties' Motions *in Limine* and *Daubert* Motions.

**(7)    Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

There are no joinder issues with respect to the Defendants.  Defendants have not sought to sever.

**(8)    Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

Identification is not anticipated to be an issue in this trial of four corporations.  Further, the United States did not use informers during the criminal investigation of the conduct that gave rise to the charges in this case.

**(9)    Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

The government disclosed a Witness List to Defendants on March 2, 2026 and, on March 26, 2026, notified Defendants that it also intended to call one additional witness that was not on the list, Robert Maegerle.  Today, the government files its current witness list, which includes Mr. Maegerle but removes several witnesses that were listed on the March 2, 2026 witness list.  The government's Witness List is Appendix A to this submission.  The government respectfully reserves its right to revise and

amend the Witness List prior to and during the trial, if necessary.  The Defendants' Witness List is Appendix B to this submission.  .   The Defendants also respectfully reserve their right to revise and amend the Witness List prior to and during the trial, if necessary.

**(10)   Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

The government has previously disclosed hundreds of exhibits, and provided Defendants an initial exhibit list on March 2, 2026 and an updated exhibit list on May 15, 2026.  Defendants have requested two additional days to disclose their exhibit list and the parties anticipate filing a joint exhibit list on or before June 5, 2026. The parties respectfully reserve their right to amend their Exhibit Lists prior to and during the trial, if necessary.  The United States continues to prepare summaries, diagrams, and demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are completed.

Defendants provided 461 pages of discovery on May 27, 2026, ahead of the June 5, 2026 reciprocal discovery deadline set by the Court.  Defendants recently advised the government that about 200 patent filings, all of which are publicly available, will be produced in the future and added to the Defendants' Exhibit List.

**(11)   Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The parties have filed several motions *in limine* related to evidentiary and testimonial issues. The parties anticipate meeting and conferring with one another to resolve any other objections to exhibits and testimony before bringing any matters to the attention of the Court.

**(12)   Preparation of trial briefs on controverted points of law likely to arise at trial**

The parties have filed several motions *in limine* regarding disputes of law likely to arise at trial. The parties anticipate briefing disputed jury instructions beginning June 5, 2026.  *See* Dkt. No. 1421.

**(13)     Scheduling of the trial and of witnesses**

A reasonable estimate for presentation of the United States' case-in-chief is four weeks, excluding time dedicated to jury selection and opening statements, and assuming reasonable cross-examinations.  A reasonable estimate for the Defendants' case-in-chief is two weeks.

**(14)     Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges and jury instructions**

The parties submitted to the Court proposed additional questions for the questionnaire sent to prospective jurors.  The parties will submit their proposed jury instructions on June 5, 2026, pursuant to the Court's pretrial scheduling orders.

**(15)     Any other matter which may tend to promote a fair and expeditious trial**

The government anticipates the following individuals to sit at counsel table:  AUSAs Sampson and Stern, NSD Trial Attorney Geary, and a representative of FBI to be identified prior to the commencement of trial.

The Pangang Defendants anticipate the following individuals and representatives to sit at counsel table during the trial:

**Daily:**

1.  Robert Feldman (QE)
2.  John Potter (QE)
3.  Michael Packard (QE)
4.  Alec Levy (QE)
5.  Representative(s) of the Pangang Defendants*
6.  Ken Kotarski (On The Record)

* This individual(s) will be identified prior to trial, once visas have been finalized.

**Periodically:**

7.  Kelsey (Falkenberg) Bloodworth (QE)
8.  Chloe Connolly (QE)
9.  Michelle Wang (QE)
10. William Locke (QE)

11. Trish Goforth (QE)

12. David Weinberg (JuryScope)

The parties further anticipate working with one another to resolve any trial-related matters in an effort to promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which they disagree.

CRAIG H. MISSAKIAN
United States Attorney

DATED: June 1, 2026          _/s/_____
COLIN C. SAMPSON
NOAH STERN
Assistant United States Attorneys
BRENDAN GEARY
Trial Attorney, National Security Division
*Attorneys for The United States*

DATED: June 1, 2026

__/s/_____
ROBERT P. FELDMAN
JOHN M. POTTER
MICHAEL T. PACKARD
ALEC A. LEVY
KELSEY FALKENBERG
WILLIAM LOCKE
ZI CHUN WANG
Quinn Emanuel Urquhart & Sullivan, LLP

*Attorneys for The Pangang Defendants*