UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  11-cr-00573-JSC-7-10 |
| Plaintiff, | |
| v. | **PRETRIAL ORDER RE: REMAINING MOTIONS IN LIMINE AND OTHER MATTERS** |
| PANGANG GROUP COMPANY, LTD.; PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD.; PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD; and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, | Re: Dkt. Nos. 1426, 1430, 1431, 1435, 1436, 1449, 1499 |
| Defendants. | |

Based on discussions during the June 18, 2026; June 25, 2026; and July 1, 2026 pretrial conferences, and for the reasons stated below, the Court **ORDERS** as follows:

I.      **GOVERNMENT'S REMAINING MOTIONS IN LIMINE**

1.   The Government's Motion in Limine No. 2 requesting admission of all the statements in Docket No. 1426-1 as statements of a co-conspirator pursuant to Federal Rule of Evidence 801(d)(2)(E) is **DENIED without prejudice**.  The Court will resolve admissibility on an individual declarant and statement basis during the morning conferences prior to the start of each trial day to the extent they have not already been resolved.

2.   The Government's Motion in Limine No. 3 requesting admission of self-authenticating documents is **DENIED without prejudice**.  The Court will resolve admissibility and authentication issues individually during the morning conferences.

3.   The Government's Motion in Limine No. 4 requesting admission of summary

evidence under Federal Rule of Evidence 1006 is **DENIED without prejudice**.  The parties have only recently exchanged the summaries, and the Court will address any objections to admissibility at a later time.

4.  The Government's Motion in Limine No. 5 regarding trade secret protection procedures at trial is **GRANTED** to the extent it complies with the procedures discussed at the June 18, 2026 pretrial conference and described in the further pretrial order at Docket No. 1495.  Otherwise, the motion is **DENIED without prejudice**. The parties may suggest other measures as they see fit at the appropriate time.

## II.    DEFENDANTS' MOTION IN LIMINE NO. 2

Defendants' Motion in Limine No. 2 to exclude the purported "Tim Spitler" notes is **GRANTED IN PART**, specifically as to the statement: "Even with the best technology with stolen prints, but without these startup people & maintenance experienced people, the plant won't be successful!" in Exhibits 203-0001, 199-0001, and 208-0005.

Even assuming the Government has shown by a preponderance of the evidence Mr. Spitler made this statement to Mr. Liew, who transcribed it, and that they were co-conspirators, such that it is admissible under Federal Rule of Evidence 801(d)(2)(E), "its probative value is substantially outweighed by a danger of" unfair prejudice or misleading the jury.  *See* Fed. R. Evid. 403.  At the July 1, 2026 pretrial conference, the Government stated it would introduce this statement as evidence Mr. Liew was conspiring to steal DuPont materials, or as evidence the prints obtained from Mr. Liew were in fact stolen.  But this statement is cumulative of the Government's other evidence of Mr. Liew's intent and conduct, which it relied on in the *Liew* trial to obtain his conviction.

Furthermore, the Government does not plan to call Mr. Liew, Mr. Spitler (who is deceased), or any other witness who was purportedly present when this statement was made and can therefore testify to who made it, when they made it, or the context of what was being discussed.  For example, based on Mr. Spitler's FD 302, developed after several interviews in 2011, Defendants argue the statement may have been made by Mr. Spitler: (1) in a phone conversation with Mr. Liew in the late 1990s, (2) when providing documents to Mr. Liew in the

United States District Court
Northern District of California

United States District Court
Northern District of California

late 1990s, or (3) in response to Mr. Liew's questions in 2004 or 2005. Given this lack of context, and the undisputed fact Defendants never received this statement, its probative value is minimal.

Ultimately, the statement's inflammatory reference to "stolen prints" has "an undue tendency to suggest decision on an improper" or "emotional" basis. *See* Fed. R. Evid. 403 advisory committee notes; *see also United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) ("It is evidence which appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." (cleaned up)). Because this risk of unfair prejudice substantially outweighs the statement's minimal probative value, the Court excludes it under Federal Rule of Evidence 403.

Defendants' Motion in Limine No. 2 is otherwise **DENIED without prejudice** subject to the Government's laying a foundation to show the statements are otherwise admissible.

### III.    DEFENDANTS' REMAINING MOTIONS IN LIMINE

1. Defendants' Motion in Limine No. 4 to exclude translations by non-appearing witnesses is **DENIED without prejudice**. The parties have indicated they are in the process of stipulating to certain written translations, and Defendants may raise remaining objections to particular translated exhibits during trial.

2. Defendants' Motion in Limine No. 5 to exclude evidence lacking nexus to the Pangang Defendants is **DENIED without prejudice**. The Court will entertain individual arguments as to specific proffered evidence during trial.

### IV.    OTHER MATTERS

1. In response to Defendants' motion to exclude, (Dkt. No. 1491), the Government shall identify the testimony Mr. Taylor intends to offer, as described in paragraphs G and H of Dkt. No. 1475, and provide that information to Defendants by **July 3, 2026 at 5:00 p.m**. The Court will then determine whether the testimony Mr. Taylor intends to offer constitutes expert or lay testimony.

2. The Government shall provide Defendants with a list of testimony they intend to offer regarding prior statements of Pangang employees that will not be offered for the truth

of the matters asserted therein by **July 2, 2026 at 5:00 p.m.**

3.  The Court **GRANTS** the related sealing motions at Docket Nos. 1431 and 1449, 1499.

This Order disposes of Docket Nos. 1426, 1430, 1431, 1435, 1436, 1449, and 1499.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4